Francis J. Donovan, J.
In this summary proceeding the tenant defaulted. However, the property which is the subject of the petition is not located within the Second District. This raises a jurisdictional question which has been considered on the court’s own motion. Prior to the enactment of the Uniform District Court Act, the jurisdiction of the Nassau County District Court in summary proceedings was set forth in section 2423 of the Nassau County Charter (L. 1936, ch. 879). Subdivision 2 of that section provided “ a summary proceeding authorized by the civil practice act to recover possession of real property situated wholly or partly within the district where the application is made”. Under that statute the petition here would have been jurisdictionally defective. However, section 204 of the new Uniform District Court Act provides: “The court shall have jurisdiction of summary proceedings to recover possession of real property located in whole or in part within a district of the court in the county ” (italics supplied).
Under the new statute improper venue is not jurisdictional (Uniform District Ct. Act, § 306).
■Summary proceedings nevertheless should be brought in the proper district. This is for the convenience of the public as well as the orderly administration of the court’s "business. In the exercise of its discretion the court might on its own motion *743 change the venue in a case such as this. However, under the circumstances here the court will permit the venue to stay in the Second District Court, Valley Stream. The property is commercial and it is located in Massapequa. The location is just as convenient to the Second District as it is to the courthouses in Hicksville and Oyster Bay in the Fourth District. Accordingly final order and judgment may be entered on default.